UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD KERN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | Civil No. 3:09-cv-1000 (PCD) |
| | : | |
| CHRISTIAN N. HEIMERDINGER, | : | |
| ORLANDO RAMOS-CABERA, | : | |
| FRANK JOHNSON and WALGREEN | : | |
| EASTERN Co., INC. | : | |
| | : | |
| Defendant. | : | |

## RULING ON SUMMARY JUDGMENT MOTION

Defendant Christian Heimerdinger moves, pursuant to Federal Rule of Civil Procedure 56, for summary judgment on Plaintiff's claims under 42 U.S.C. § 1983. In response to Defendant's Motion for Summary Judgement, Plaintiff withdrew his claim for unreasonable force but maintains claims of false arrest and malicious prosecution. For the reasons stated herein, Defendant Christian Heimerdinger's Motion for Summary Judgment [Doc. No. 32] is **granted.**

## I. BACKGROUND

On January 7, 2009, Defendant Christian Heimerdinger ("Officer Heimerdinger"), a police officer with the City of Hartford Police Department, was dispatched to the Walgreen's Pharmacy at 161 Washington Street in Hartford, Connecticut. (Pl. Rule 56(A)(1) Stmt. ¶¶ 1, 3.) At the pharmacy, Orlando Ramos-Cabera, a Walgreen's Pharmacy employee, told Officer Heimerdinger that Plaintiff Richard Kern ("Kern") had pulled up to the drive thru window when

1

it was closed and demanded service.  Orlando Ramos-Cabera told Office Heimerdinger that he told Kern that he would be required to come inside the pharmacy to have his prescriptions filled, Kern became angry and stated that "if I don't get my pills now I am going to come in there with my gun and make you pay." (Id. ¶¶ 5, 6.)  Another Walgreen's employee, Pharmacist Frank Johnson, told Officer Heimerdinger that he overheard the conversation between Kern and Ramos-Cabera and approached the window to speak with Kern.  Johnson reported that Kern then said, "if I don't get my pills now I am going to come in there and kill everyone." (Id. ¶ 7.)  In response to Kern's comments, Johnson told Ramos-Cabera to call the police.

Officer Heimerdinger observed Kern parked in his car in the drive thru of the Walgreen's.  Kern was then arrested and, because of his size, was placed in an ambulance for transport to the Hartford Police Department. (Id. ¶¶ 8, 12.)  Following his investigation and arrest of Kern, Officer Heimerdinger completed an incident report.  In the report, Kern was charged with breach of the peace in the second degree and threatening in the second degree. (Id., Exhibit B.)

Later the same day, Kern appeared in Connecticut Superior Court.  The Court proposed that if Kern wrote a letter of apology to Walgreen's, with copy to the court, by February 4, 2009, the case would be dismissed.  Kern agreed to write the letter. (Id., Exhibit D, Tr. 1/7/2009, pp. 6-7.)  Subsequent to January 7, 2009, Kern did write the letter, and on February 4, 2009, a nolle of the charges was entered upon presentation of the letter to the Court. (Id., Exhibit E, Tr. Feb. 4, 2009.)

## II. STANDARD

Summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

2

genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). No genuine issue of material fact exists and summary judgment is therefore appropriate when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A material fact is one which "might affect the outcome of the suit under the governing law," and an issue is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Importantly, however, "[c]onclusory allegations will not suffice to create a genuine issue." Delaware & Hudson Railway Co. v. Consolidated Rail Corp., 902 F.2d 174, 178 (2d Cir. 1990). "There must be more than a 'scintilla of evidence,' and more than 'some metaphysical doubt as to the material facts.'" Id. (internal citations omitted).

The initial burden falls on the moving party, who is required to "demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "A defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial. It need only point to an absence of proof on the plaintiff's part, and, at that point, plaintiff must 'designate specific facts showing that there is a genuine issue for trial.'" Parker v. Sony Pictures Entm't, Inc., 260 F.3d 100, 111 (2d Cir. 2001) (quoting Celotex, 477 U.S. at 324); see also Gallo v. Prudential Residential Servs. Ltd. P'ship, 22 F.3d 1219, 1223-24 (2d Cir. 1994) ("[T]he moving party may obtain summary judgment by showing that little or no evidence may be found in support of the nonmoving party's case.") If the moving party meets its burden, the burden shifts to the party opposing summary judgment to set forth "specific facts showing that there is a genuine issue for trial." Fed R. Civ. P. 56(e).

3

In determining whether the parties have met their respective burdens, the Court draws "all factual inferences in favor of the party against whom summary judgment is sought, viewing the factual assertions in materials such as affidavits, exhibits, and depositions in the light most favorable to the party opposing the motion." Rodriguez v. City of New York, 72 F.3d 1051, 1061 (2d Cir. 1995). However, "the non-moving party may not rely simply on conclusory allegations or speculation to avoid summary judgment, but instead must offer evidence to show that 'its version of the events is not wholly fanciful.'" Morris v. Lindau, 196 F.3d 102, 109 (2d Cir. 1999) (quoting D'Amico v. City of New York, 132 F.3d 145, 149 (2d Cir. 1998)); see also Fed R. Civ. P. 56(e). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-50 (citations omitted).

## III. DISCUSSION

To prevail in a § 1983 claim for false arrest or malicious prosecution, Kern must show that there was a termination of the prosecution in his favor. As explained in Swain v. Doe, No. 3:04-cv-1020 (SRU), 2009 WL 3151183 (D. Conn. Sept. 24, 2009):

> Claims for false arrest or malicious prosecution, brought under [section] 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are 'substantially the same' as claims for false arrest or malicious prosecution under state law." Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir.2003). Under section 1983, the elements of claims for false arrest and malicious prosecution are controlled by state law. See Davis v. Rodriguez, 364 F.3d 424, 433 (2d Cir. 2004); Cook v. Sheldon, 41 F.3d 73, 79 (2d Cir. 1994). Under both Connecticut law and section 1983, a plaintiff must allege that the prosecution terminated in his or her favor to state a claim of malicious prosecution or false arrest. See Roesch v. Otarola, 980 F.2d 850, 853-54 (2d Cir. 1992) (holding that under Connecticut law, a false arrest plaintiff must show that the charges terminated favorably); Frey v. Maloney, 476 F.Supp.2d 141, 147 (D.Conn. 2007) ("[t]o prevail on a claim of malicious prosecution, a plaintiff must prove that ... 'the criminal proceedings have terminated' " in his or her favor) (citations omitted).

Id. at *4.

4

A plaintiff may satisfy the favorable termination standard "by showing the charges against [him] were discharged without a trial under circumstances amounting to the abandonment of the prosecution without request by him or arrangement with him." Id. at 148 (internal quotation marks omitted). "A person who thinks there is not even probable cause to believe he committed the crime with which he is charged must pursue the criminal case to an acquittal or an unqualified dismissal, or else waive his [§] 1983 claim." Frey, at 147 (citing Roesch v. Otarola, 980 F.2d 850, 853 (2d Cir. 1992). Because the charges against Kern were not terminated in his favor and he did not seek an unqualified dismissal, he cannot prevail on the false arrest or malicious prosecution claim.

A nolle, such as that entered in this case, can constitute a favorable termination, so long as it was entered under circumstances indicating that the State abandoned the prosecution without request or arrangement with the plaintiff. See Holman v. Cascio, 390 F.Supp.2d 120, 123 (D. Conn. 2005) ("[A] nolle of the criminal charge may still permit the plaintiff to satisfy [the element of a favorable termination] if the circumstances of the nolle satisfy the See v. Gosselin test of 'an abandonment of the prosecution without request from or by an arrangement with [the defendant].' "). Kern cannot satisfy this standard. Under the terms of the agreement proposed by the court and agreed to by Kern, a nolle would enter only if Kern mailed a letter of apology for his belligerent language to Walgreen's Pharmacy, with a copy to the court. The charges against Kern were nolled after a copy of the letter mailed by Kern was presented to the court. Thus, the charges against Kern were not discharged under circumstances amounting to an abandonment of the prosecution without request by or arrangement with Kern, and the nolle was not a favorable termination. Because the prosecution did not terminate in favor of the plaintiff,

5

Defendant's motion for summary judgment as to Kern's claims of false arrest and malicious prosecution is **granted**.

**IV. CONCLUSION**

For the reasons stated herein, Defendant Christian Heimerdinger's Motion for Summary Judgment [Doc. No. 32] is **granted.**

SO ORDERED.

Dated at New Haven, Connecticut, December  4 , 2010.


/s/

Peter C. Dorsey, U.S.D.J.